# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT L. SPEELMAN, | : | |
| Petitioner, | : | Case No.  3:07MC012 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, *et al*., | : | |
| | : | |
| Respondents. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Petitioner Robert Speelman brings this case as "an action under the Special Procedures for Third-Party Summons Act, 26 U.S.C. [§]7609, to halt the above named third-party record keeper from revealing Petitioner's private records to the Internal Revenue Service, and quash the summons." (Doc. #1 at 1).  This section of the federal tax code, 26 U.S.C. §7609, describes the special procedures for third-party summonses, and it includes a provision establishing this Court's jurisdiction over Speelman's present third-party challenge to certain IRS summonses, *see* 26 U.S.C. §7609(h)(1).

This case is before the Court upon Speelman's Petition to Quash Summons (Doc.

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#1) and the Government's Response in Opposition (Doc. #5), Speelman's Reply (Doc. #13), and the record as a whole.

## II.     BACKGROUND

For various reasons to be explored below, Speelman seeks an Order quashing an IRS summons issued to Home City Federal Savings Bank ("Home City") in Springfield, Ohio and another IRS summons issued to Fifth Third Bank ("Fifth Third") in Cincinnati, Ohio. (Doc. #4 and attached Exhibits).

IRS Revenue Agent Tooley describes the circumstances surrounding the summonses in his Declaration, which contains his oath of truth and correctness under the penalty of perjury and which he signed. (Doc. #5, Exh. A). If accepted as accurate, Revenue Agent Tooley's Declaration establishes the following: He is investigating Speelman's records for the purpose of determining Speelman's tax debt, if any, for tax years 2000 through 2005. *Id*. at 1. The IRS's Criminal Investigation Division (CID) previously investigated whether Speelman had any personal and/or business tax liability for tax years 2001 through 2003. *Id*. IRS records do not contain any indicators of an active criminal investigation of Speelman. *Id*.

The previous criminal investigation led the Government to file a prior case in this Court against Speelman and others. During that case, Speelman sought to quash the third-party summonses to, among others, Home City. *See United States of America v. Robert L. Speelman, et al*., 3:06CV386. That earlier case did not involve a summons to

Fifth Third. *See id*.

Returning to the present case, Revenue Agent Tooley searched IRS records for information about any presently ongoing criminal investigation of Speelman. According to Revenue Agent Tooley, "There is no indication of a CID interest in Speelman. I have no reason to believe that any official of the IRS or the United States Government is conducting a criminal investigation of him. Naturally, this is not to imply that if I uncovered an indication of criminal activity I would not be under an obligation to bring it to the attention of the proper IRS officials. (Doc. #5, Exh. A at 1-2).

As to the purpose of the summons issued to Fifth Third and Home City, Revenue Agent Tooley declares:

> As a result of some of the information obtained from the earlier summons[,] my supervisor directed me to expand my investigation into Mr. Speelman's tax obligations for tax years 2004 and 2005. To do this properly it is necessary to examine the records from the financial institutions with accounts/transactions involving Mr. Speelman and the entities under his control. The records of the banking institutions he utilized will assist in determining his income. This is the basis for the Summonses which I issued by certified mail dated July 2, 2007, upon Fifth Third Bank and Home City Federal Savings Banks. These are the summonses which are the subject of the present Court actions.

(Doc. #5, Exh. A at 2). Revenue Agent Tooley served Speelman (by certified mail) with a copy of each third-party summons Speelman presently challenges. There is no doubt that Speelman received those copies, because he has filed them in support of his Petition to Quash Summons. *See* Doc. #1; *see also* Doc. #5, Exh. A at 2.

Revenue Agent Tooley indicates that he has not received any of the records sought

3

from Fifth Third, but he has received "an envelope of unknown contents from Home City...." *Id*. To his credit, Revenue Agent Tooley represents that he has not opened this envelope because of Speelman's Petition to Quash. *Id*. The Court previously directed Revenue Agent Tooley to maintain this practice in this case. (Doc. #6).

### III.    *LaSALLE NATIONAL BANK*

Speelman contends that an Order quashing the third-party summonses to Fifth Third and Home City is warranted under *United States v. LaSalle National Bank*, 437 U.S. 298 (1978) and *United States v. Genser*, 582 F.2d 292 (3rd Cir. 1978). This is so, he reasons, because *LaSalle National Bank* bars the IRS from seeking information that has no connection to a civil action. According to Speelman, the IRS seeks "evidence of a criminal investigation masquerading as something else." (Doc. #13 at 1).

Speelman's reliance on *LaSalle National Bank* is misplaced because in 1982 – after *LaSalle* was decided – Congress changed the law. To better understand this, the starting point is the currently applicable statutes.

Congress has granted the IRS broad authority to issue summonses for the purpose of examining any books, papers, records, or other data relevant to ascertaining the correctness of a tax return. *See* 26 U.S.C. §7602. One exception to this broad authority <u>potentially</u> arises when the IRS seeks to gather such evidence in connection with a criminal investigation. *See* 26 U.S.C. §7602(d). The criminal-investigation exception, however, is notably narrow: The IRS may issue a summons for the purpose of gathering

evidence about suspected criminal activity as long as the IRS has not referred the matter to the United States Department of Justice. *See* 26 U.S.C. §7602(d). The United States Court of Appeals for the Sixth Circuit explains:

> Because §7602 now grants the IRS the authority to issue summonses for the purpose of investigating 'any offense' relating to the tax code, we conclude that the IRS may validly issue summonses for the purpose of investigating a criminal offense, even if that is the sole purpose for the summonses. According to the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice. The statute does not say that the IRS may issue summonses for the purpose of investigating any offense, unless the sole purpose is to investigate a criminal offense. *Cf. United States v. Arthur Young & Co.,* 465 U.S. 805, 817 ... (1984) ('If the broad latitude granted to the IRS by §7602 is to be circumscribed, that is a choice for Congress, and not this Court, to make.').

*Scotty's Contracting and Stone, Inc. v. United States*, 326 F.3d 785, 788 (6th Cir. 2003).

Turning to Speelman's reliance on *LaSalle National Bank*, the Supreme Court indicated that under the then – 1978 – version of 26 U.S.C. 7602, the IRS lacked the authority to issue a summons for the sole purpose of a criminal investigation, even when the matter had not been referred to the Department of Justice. *See LaSalle National Bank*, 437 U.S. at 317 n.18. This was the state of statutory law for several years after 1978.

Then, in 1982, Congress amended 26 U.S.C. §7602, in part by "explicitly dictat[ing] when the IRS's summoning authority ends: when the IRS refers a criminal investigation the Department of Justice." *Scotty's Contracting*, 326 F.3d at 788 (citing 26 U.S.C. §7602(d)(1)). This congressional action effectively granted the IRS the summons authority that it lacked under *LaSalle National Bank* and the earlier version of §7602. *See*

5

*Scotty's Contracting*, 326 F.3d at 788. Because of this change in the law, and contrary to Speelman's contentions, the earlier rule in *LaSalle National Bank* is no longer valid. *See id.* For this reason, Speelman's reliance on *United States v. Genser*, 582 F.2d 292 (3rd Cir. 1978) is equally misplaced. *See Moutevelis v. United States*, 727 F.2d 313, 314-15 (3rd Cir. 1984).[2]

Accordingly, Speelman's reliance on *LaSalle National Bank* (and other similar cases) does not assist him in obtaining an Order to quash the third-party summonses at issue in this case. Yet, this conclusion does not fully resolve the present case since further examination of the summonses at issue is warranted.[3]

## IV. SPEELMAN'S REMAINING CONTENTIONS

To support an IRS summons the Government must show:

1. Its investigation will be conducted for a legitimate purpose;

2. The inquiry may be relevant to that purpose;

3. The information sought is not already within the possession of the IRS; and

4. The administrative steps required in 26 U.S.C. §7603 have been followed.

---

[2] *Moutevelis* also stated, parenthetically, "The bright line which the *LaSalle* dissenters urged, and which Congress adopted, was that such a summons should not trench upon the power of the grand jury or broaden the Justice Department's right to discovery in criminal cases. Congress thereby eliminated from consideration the question whether the Internal Revenue Service was motivated by a criminal investigative purpose, so long as no Justice Department referral has occurred."

[3] "Where confidential documents such as tax returns are sought, a subpoena issued to a third party, rather than the defendant [or taxpayer], is given careful scrutiny." *United States v. Gammo*, 428 F.Supp.2d 705, 708 (E.D. Mich. 2006).

*See United States v. Monumental Life Insurance Co*., 440 F.3d 729, 733 (6th Cir. 2006) (citing in party *United States v. Powell,* 379 U.S. 48, 57-58 (1964)).  "This showing may be made by the submission of an affidavit of the agent who issued the summons and who is seeking enforcement.'..." *Monumental Life Insurance Co*., 440 F.3d at 733 (citations omitted); *see Toler v. United States*, 2003 WL 21255039 at *3 (S.D. Ohio 2003) (King, M.J.).

In the present case, Revenue Agent Tooley's sworn Declaration (the equivalent of an affidavit, *see* 28 U.S.C. §1746), provides sufficient information to establish the following: He issued the summonses for a legitimate purpose – to investigate and assess Speelman's personal or business unpaid tax liability, if any, for two specific tax years (2004, 2005).  The summonses issued to Fifth Third Bank and Home City seek information that may be relevant to that purpose.  The prior IRS investigation did not involve Speelman's potential tax liability for these two tax years, and consequently, Revenue Agent Tooley expanded his investigation to seek information relevant to the these two tax years.  Because of this, the IRS does not already possess the information sought by the summonses.  Speelman has received actual copies of, and hence notice about, the summonses issued to Fifth Third and Home City, and the administrative steps required in 26 U.S.C. §7603 have been followed.  *See supra*, §III; *see also* Doc. #5 at 7-9.  The Government has therefore established the *prima facie* validity of the summonses.

Because the Government has made a *prima facie* showing of validity, the burden

shifts to Speelman "to either disprove the elements of a prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *Monumental Life Insurance Co.*, 440 F.3d at 733 (citations omitted).

Speelman asserts:

> The Tooley Declaration ... is disingenuous if not an outright falsehood or fraud upon the court. He mentioned the earlier summons against Huntington Bank, et al. which was issued by a CID Special Agent. This was later a case in this court docketed as 06CV0386.... The IRS in this case is hiding the involvement of CID in order to skirt the *LaSalle* criteria. The principal evidence of the circumnavigation prohibited by *LaSalle*, consists of falsehoods in Tooley's Declaration. We know CID was involved in the earlier case and Tooley says they are not involved in this one. Why the change in IRS position? A little discovery would do wonders.

(Doc. #13 at 2).

Although Speelman challenges the accuracy of certain factual information set forth in Revenue Agent Tooley's sworn Declaration, Speelman's challenges rest on his misplaced reliance on *LaSalle National Bank*. *See supra*, §II. Under the currently applicable version of 26 U.S.C. §7602, Speelman's allegation that the IRS is conducting a criminal investigation does not reveal a problem with the summonses to Fifth Third and Home City. Again, the IRS has the authority to issue these summonses even if its sole purpose is to conduct a criminal investigation into Speelman's tax-related conduct. *See Scotty's Contracting*, 326 F.3d at 788. The IRS triggers the criminal-investigation exception to its summons authority if and when it refers a matter to the Justice Department for criminal investigation. *See* 26 U.S.C. §7602(d)(1); *see also Scotty's*

8

*Contracting*, 326 F.3d at 788. Because Revenue Agent Tooley's Declaration is sufficient to establish that the IRS has not referred this matter to the Justice Department for a criminal investigation, *see Monumental Life Insurance Co.*, 440 F.3d at 733; *see also Toler*, 2003 WL 21255039 at *3, the criminal-investigation exception to the IRS's summons authority does not apply to the summonses at issue in this case. *See Scotty's Contracting*, 326 F.3d at 788.

Speelman further alleges that the IRS has designated him as the equivalent of a tax protestor. (Doc. #6 at 2). Whether true or not (which Revenue Agent Tooley denies), such a designation would not by itself invalidate the third-party summonses at issue. *Cf. United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987)("we agree with other courts that have found the term 'tax protester' a permissible shorthand reference to such activities."); *cf. also United States v. Catlett,* 584 F.2d 864, 867-68 (8th Cir. 1978)(finding no unconstitutional discrimination based on tax-protestor status). Speelman appears to contend that the inaccurate characterization of him as a tax protestor indicates an effort by the IRS to abuse the Court's process through harassment of Speelman and through the presentation of falsehoods to the Court about the lack of an ongoing criminal investigation. *See* Doc. #13 at 1-2. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on the taxpayer..." *United States v. Markwood*, 48 F.3d 969, 978 (6th Cir. 1995)(citation

omitted).  Speelman has not met his burden on this issue because he only raises conclusory allegations, which if true, do not reveal an improper purpose underlying the summonses.  *See* Doc. #13 at 1-2.  Because the IRS has the statutory authority to issue third-party summons, there is nothing inherently improper, harassing, or abusive about the issuance of such summons.  Additionally, the circumstances set forth in Revenue Agent Tooley's Declaration do not reveal an impermissible or harassing purpose.  His Declaration instead articulates a reason for the summonses and indicates that IRS records show no current criminal investigation of Speelman.  (Doc. #4, Exh. A).   An examination of the summonses themselves reveals that they are limited in both the scope of documents sought and a specific time period (tax years 2004, 2005).  *See* Doc. #1 (summonses attached).  Consequently, Speelman's allegations of harassment and falsehoods fail to reveal a basis to quash the summonses.

Lastly, Speelman indicates that he "has no objection to a court order allowing access to his bank records if the court order limits their use to a civil investigation." (Doc. #13 at 2).  Without an IRS referral of this matter to the Justice Department for criminal investigation, Speelman's proposed Order is not warranted, even if the IRS's sole present purpose is to conduct a criminal investigation.  *See Scotty's Contracting*, 326 F.3d at 788.

Accordingly, for all the above reasons, Speelman's Petition to Quash Summons lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Speelman's Petition to Quash Summons (Doc. #1) be denied and dismissed; and

2. This case be terminated on the docket of this Court.


December 19, 2007

                                              s/ Sharon L. Ovington  
                                              Sharon L. Ovington  
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).